IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW HOPKINS, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| PREMIER FINANCIAL BANCORP, INC., | : SECURITIES EXCHANGE ACT OF 1934 |
| ROBERT W. WALKER, TONEY K. ADKINS, HARRY M. HATFIELD, LLYOD G. JACKSON II, PHILIP E. CLINE, KEITH F. MOLIHAN, MARSHALL T. REYNOLDS, NEAL SCAGGS, THOMAS W. WRIGHT, DOUGLAS V. REYNOLDS, and PEOPLES BANCORP INC., | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On March 26, 2021, Premier Financial Bancorp, Inc. ("Premier Financial" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by Peoples Bancorp ("Peoples Bancorp") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Premier Financial's stockholders will receive 0.58 shares of Peoples Bancorp common stock per share.

3. On June 1, 2021, defendants filed a registration statement (the "S-4") with the U.S. Securities and Exchange Commission (the "SEC").

4.     As alleged herein, the S-4 fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8.     Plaintiff is and has been continuously throughout all relevant times the owner of Premier Financial common stock.

9.     Defendant Premier Financial is a Kentucky corporation. Premier Financial's common stock is traded on the NASDAQ under the ticker symbol "PFBI."

10.    Defendant Robert W. Walker is Chief Executive Officer and a member of the Board of Directors of Premier Financial (the "Board").

11.    Defendant Toney K. Adkins is a member of the Board.

12.    Defendant Harry M. Hatfield is a member of the Board.

13.    Defendant Llyod G. Jackson II is a member of the Board.

14. Defendant Philip E. Cline is a member of the Board.

15. Defendant Keith F. Molihan is a member of the Board.

16. Defendant Marshall T. Reynolds is Chairman of the Board.

17. Defendant Neal Scaggs is a member of the Board.

18. Defendant Thomas W. Wright is a member of the Board.

19. Defendant Douglas V. Reynolds is a member of the Board.

20. Defendants identified in ¶¶ 10-19 are referred to herein as the "Individual Defendants."

21. Defendant People's Bancorp is an Ohio corporation.

## SUBSTANTIVE ALLEGATIONS

22. Premier Financial is a financial services holding company.

23. The Company operates two community bank subsidiaries: Premier Bank, Inc. and Citizens Deposit Bank and Trust, Inc.

24. On March 26, 2021, Premier Financial entered into the Merger Agreement, under which Premier Financial's stockholders will receive 0.58 shares of Peoples Bancorp common stock per share.

25. The press release announcing the Proposed Merger provides as follows:

Peoples Bancorp Inc. ("Peoples") (NASDAQ: PEBO) and Premier Financial Bancorp, Inc. ("Premier") (NASDAQ: PFBI), jointly announced today the signing of a definitive agreement and plan of merger ("Merger Agreement") pursuant to which Peoples will acquire, in an all-stock merger, Premier, a bank holding company headquartered in Huntington, West Virginia, and the parent company of Premier Bank, Inc. ("Premier Bank") and Citizens Deposit Bank & Trust, Inc. ("Citizens"). Under the terms of the Merger Agreement, Premier will merge with and into Peoples (the "Merger"), and Premier Bank and Citizens will subsequently merge with and into Peoples' wholly owned subsidiary, Peoples Bank, in a transaction valued at approximately $292.3 million.

Upon completion of the Merger, the combined company will have approximately $6.7 billion in total assets, $4.6 billion in total loans and $5.5 billion in total deposits with 136 locations in Ohio, West Virginia, Kentucky, Maryland, Virginia and Washington, D.C.

Premier, through its two community bank subsidiaries, operates 48 branches in thirty-eight communities spanning across five-states, plus Washington D.C. As of December 31, 2020, Premier had, on a consolidated basis, $1.9 billion in total assets, which included $1.2 billion in total net loans, and $1.6 billion in total deposits.

"We are excited about our partnership with Premier and the addition of significant scale to enhance our ability to drive future growth and improved profitability. Premier's strong core franchise provides a natural extension of our existing markets, as well as entry into attractive markets within Virginia, Maryland and Washington, D.C." said Chuck Sulerzyski, President and Chief Executive Officer of Peoples. "Over the years, we have successfully expanded our West Virginia and Kentucky footprint. We are proud to have been recognized in 2020 as the number one bank in West Virginia as part of Forbes' annual list of America's Best-In-State Banks and Credit Unions. We also were voted as The Best in the Tri-State by readers of the Herald Dispatch (Huntington, WV). We look forward to welcoming Premier shareholders, employees and customers to become part of our team, and we are ecstatic to offer additional locations to new and existing Peoples Bank clients."

Bob Walker, President and Chief Executive Officer of Premier commented, "We are excited to have the opportunity to join forces with one of the strongest banks in the region. Our customers, employees and shareholders will benefit from Peoples' history of profitable growth and expertise in successfully executing acquisitions. We are also excited about Peoples' expansive suite of products, which will provide us the ability to deliver new products and services, including insurance and investment products, to our valued customers in the communities we serve. Peoples' community banking model, culture and commitment to high-quality customer service makes Peoples' an excellent choice for Premier."

According to the terms of the Merger Agreement, which has been unanimously approved by the Boards of Directors of both companies, shareholders of Premier will receive 0.58 shares of Peoples common stock for each share of Premier common stock, and the Merger is expected to qualify as a tax-free reorganization for Premier shareholders. Based on Peoples' 20-day volume weighted average closing price of $33.95 per share as of March 26, 2021, the aggregate deal value is approximately $292.3 million, or $19.69 per share. The transaction is expected to be immediately accretive to Peoples' estimated earnings before one-time costs, with a tangible book value earn back of approximately 2.6 years, and an internal rate of return in excess of 20%.

The acquisition is expected to close during the third quarter of 2021, subject to the satisfaction of customary closing conditions, including regulatory approvals and the approval of the shareholders of Peoples and Premier. At that time, Premier's offices will become branches of Peoples Bank.

Peoples was advised by Raymond James & Associates, Inc. and the law firm of Dinsmore & Shohl LLP. Premier was advised by Piper Sandler Companies and the law firm of Jackson Kelly PLLC.

26. On June 1, 2021, defendants filed the S-4, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Analyses</u>

27. The S-4 fails to disclose material information regarding the financial analyses performed by Piper Sandler & Co. ("Piper Sandler"), Premier Financial's financial advisor. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must be fairly disclosed.

28. The S-4 fails to disclose the following regarding Piper Sandler's Comparable Company Analyses: the individual multiples for the companies.

29. The S-4 fails to disclose the following regarding Piper Sandler's Analysis of Precedent Transactions: the individual multiples for the transactions.

30. The S-4 fails to disclose the following regarding Piper Sandler's Net Present Value Analysis of the Company: (i) the terminal values; (ii) the basis for applying price to 2025 earnings multiples ranging from 10.0x to 15.0x and multiples of 2025 tangible book value ranging from 110% to 160%; and (iii) the inputs and assumptions underlying the discount rates.

31. The S-4 fails to disclose the following regarding Piper Sandler's Net Present Value Analysis of Peoples Bancorp: (i) the mean analyst earnings per share and dividend per share estimates; (ii) the long-term annual earnings per share and balance sheet growth rates; (iii) the


estimated dividends per share; (iv) the terminal values; (v) the basis for applying price to 2025 earnings multiples ranging from 11.0x to 21.0x and multiples of 2025 tangible book value ranging from 145% to 220%; and (vi) the inputs and assumptions underlying the discount rates.

32. The S-4 fails to disclose the following regarding Piper Sandler's Pro Forma Transaction Analysis: (i) the mean analyst earnings per share and dividend per share estimates; (ii) the long-term annual earnings per share and balance sheet growth rates; (iii) the estimated dividends per share; (iv) the assumptions relating to transaction expenses, purchase accounting adjustments, and cost savings; (v) how accretive the Proposed Merger could be to Peoples' estimated earnings per share in the years ending December 31, 2022 through December 31, 2025; (vi) how dilutive the Proposed Merger could be to Peoples' estimated tangible book value per share for the years ending December 31, 2022 and December 31, 2023; and (vii) how accretive the Proposed Merger could be to Peoples' estimated tangible book value per share for the years ending December 31, 2024 and December 31, 2025.

<p align="center">Financial Projections</p>

33. The S-4 omits material information regarding Premier Financial's and Peoples Bancorp's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

34. The S-4 fails to disclose the following regarding Premier Financial's financial projections: projected cash flows and all underlying line items.

35. The S-4 fails to disclose Peoples Bancorp's financial projections.

36. The S-4 also to disclose the cost savings and synergies expected to result from the Proposed Merger.

<u>Background of the Proposed Merger and Potential Conflicts of Interest</u>

37. The S-4 fails to disclose material information regarding the background of the Proposed Merger and potential conflicts of interest.

38. The S-4 fails to disclose whether the Company entered into any non-disclosure agreements that contained standstill or don't ask, don't waive provisions.

39. The S-4 fails to disclose the timing and details of all discussions regarding post-transaction employment and directorships.

40. If disclosed, the omitted information would significantly alter the total mix of information available to Premier Financial's stockholders.

## COUNT I

**Claim Against the Individual Defendants and Premier Financial for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

41. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

42. The Individual Defendants disseminated the false and misleading S-4, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

43. Premier Financial is liable as the issuer of these statements.

44. The S-4 was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the S-4.

45. The Individual Defendants were at least negligent in filing the S-4 with these materially false and misleading statements.

46. The omissions and false and misleading statements in the S-4 are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

47. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the S-4 and in other information reasonably available to stockholders.

48. The S-4 is an essential link in causing plaintiff to approve the Proposed Merger.

49. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

50. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants and Peoples Bancorp for Violation of Section 20(a) of the Exchange Act**

51. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

52. The Individual Defendants and Peoples Bancorp acted as controlling persons of Premier Financial within the meaning of Section 20(a) of the Exchange Act as alleged herein.

53. Due to their positions as officers and/or directors of Premier Financial and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the S-4, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

54. Each of the Individual Defendants and Peoples Bancorp was provided with or had unlimited access to copies of the S-4 alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

55. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

56. The S-4 contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the S-4.

57. Peoples Bancorp also had supervisory control over the composition of the S-4 and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the S-4.

58. Accordingly, the Individual Defendants and Peoples Bancorp violated Section 20(a) of the Exchange Act.

59. The Individual Defendants and Peoples Bancorp had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

60. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

61. Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a S-4 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: June 18, 2021

**GRABAR LAW OFFICE**

By: *[signature]*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*